# FJ&R
## FRANK, JUENGEL & RADEFELD
*Attorneys at Law P.C.*

MICHAEL M. FRANK - FOUNDING MEMBER
DANIEL A. JUENGEL - PRINCIPAL
MATTHEW A. RADEFELD - PRINCIPAL*
*Also licensed in Illinois

JOSEPH W. FLEES*
MICHAEL B. MURPHY*

August 16, 2016

Mr. Stephen Casey
Assistant United States Attorney
U. S. Attorney's Office
111 South Tenth Street
St. Louis, Missouri 63102

Re:   United States of America vs. Donald Kuhn
      Case No.: 4:16CR00303 CEJ

Dear Mr. Casey:

In accordance with Fed.R.Crim.P. 16 and 12, as well as the controlling case law concerning discovery, the Court's local rules and the Order signed by the Magistrate Judge, Defendant requests the following pretrial disclosure of evidence and information.

1.  Any and all written or recorded statements made by the Defendant and any other witness the government intends to call at trial or any other motion hearing.

2.  Any and all written or recorded statements made by co-defendants and co conspirators (named and unnamed);

3.  Any portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a government agent;

4.  The substance of any oral statement made by the Defendant before or after his arrest in response to interrogation by a then known-to-be government agent which the prosecution intends to offer in evidence or trial;

5.  Recorded grand jury testimony of any Defendant relating to the offenses charged;

Mr. Stephen Casey
August 16, 2016
Page Two

6. A written summary of the testimony the government intends to use at trial under Rules 702, 703, or 705, F.R. Evid., including a description of the witnesses' opinions, the basis and reasons therefor and the witnesses' qualifications;

7. Description of and access to any books, papers, documents, photographs, tangible objects, vehicles, buildings or places which are material to the preparation of the Defendant's defense or which the prosecution intends to use as evidence at trial, or were used, obtained or belonging to the Defendant;

8. The results or reports of physical or mental examinations, and of scientific tests or experiments, made in connections with this case, which are material to the Defendant's defense or are intended for use at trial;

9. Disclosure to the Defendant and permission to inspect and copy all information and material known which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 383 U.S. 83 (1963) and *United States v. Argurs,* 427 U.S. (1976);

10. Disclosure to the Defendant of the existence and substance of any payments, promises of immunity, leniency, preferential treatment or other inducements made to prospective prosecution witnesses, as well as any and all material evidence affecting the credibility of any witness whose reliability may be determinative of Defendant's guilt or innocence, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959);

11. Disclosure to Defendant as to which of his co-defendants has entered into an agreement to plead guilty and who will be a cooperating witness in this case; the agreement that was made with the United States Attorney's office and the substance of what the testimony will be as it concerns the Defendant;

12. Provision to Defendant of the arrest and prior conviction records of Defendant, and any informant, cooperating individual, or witness who will testify for the Office of the United States Attorney at trial;

Mr. Stephen Casey
August 16, 2016
Page Three

13. Provision to Defendant of notice of the nature and extent of consideration offered by the government or its agents, or sought by the government or its agents; on behalf of any informant herein in return for his or her cooperation and assistance, including:

   a. The identity and existing statements of any confidential informant who may be called upon to testify in this case;

   b. Any and all representations, promises or other consideration offered by the government, its cooperating agencies, or its agents to said informants concerning alleged violations of said informants of federal, state or local laws;

   c. The precise nature of any monetary consideration offered or promised to said informants including, but not limited to, a listing of funds paid to or on behalf of said informants by the government, its agents or cooperating agencies;

   d. Any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state or federal, or the nature and extent of incarceration or conditions thereof;

   e. Any other promises, inducement or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony;

   f. Any record maintained by the government showing the arrest and conviction record of the confidential informant.

14. Disclosure to the Defendant as to whether he was identified in any lineup, show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom;

15. To advise the case agents and the law enforcement officers to preserve their rough notes and to indicate to the Defendant the existence of those rough notes;

Mr. Stephen Casey
August 16, 2016
Page Four

16. To advise the Defendant, pursuant to Fed.R.Evid. 404(b), within ten days, of the prosecutor's intention to introduce such evidence, the basis under which introducing will be supported, and of the general nature of that evidence;

17. To transcribe the grand jury testimony of all witnesses who will testify for the office of the United States Attorney at the trial of this cause, preparatory to a timely motion for discovery;

18. The defense requests the prosecutor, if requested, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.DC. §§822, 823, and 21 C.F.R. §1301.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

19. Upon request, the prosecutor shall permit the Defendant, his counsel and any experts selected by the defense to inspect any vehicle, vessel or aircraft allegedly utilized in the commission of any offenses charged. The prosecutor will, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the Court.

20. The prosecutor will provide the defendant, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by the prosecutor's expert as those of the Defendant.

21. The prosecutor will provide the Defendant, for independent expert examination, copies of all handwriting exemplars which have been identified by the prosecutor's expert as those of the Defendant.

22. Disclose to the Defendant, for inspection, any and all things, objects, books, or records that were seized in this case in order for the Defendant to determine whether he has the standing to file a motion to suppress.

23. With regard to any hearsay statement or statement defined in Rule 801(d)(2)(c), (d), or (E), which the government intends to introduce at trial as to the declarant, any information regarding bias or motive on behalf of the declarant, any information as to the opinion of other with regard to the declarant and the declarant's reputation.

Mr. Stephen Casey
August 16, 2016
Page Five

24. If the discovery provided is Electronically Stored Information (ESI) such as .pdf documents, word processing documents, spreadsheets, graphs, data, or data compilations, DAD/CAM files, web sites, Voice-mail, e-mail, test or instant messaging, photographs, audio, video or any content in a digital form, please provide it pursuant to the following protocols:

   A. Please label each item and identify it by case number.

   B. Please provide an inventory of and index of what is stored.

   C. Please organize ESI in the form that it is used in the usual course of business with its logical unitization (e.g. a FBI 302 report, followed by its attachments and related photographs) or in a *reasonably usable or accessible form.* Fed.R.Civ. P.34(a), (b) (B)(l).

   D. If the government intends to provide discovery electronically, that currently exists in hard copy, before deliver, the hard copy should be scanned into a high-quality .pdf format (using Adobe .pdf software) with an optical character recognition (OCR) overlay (using the U.S. Attorney's Ipro software or other comparable software) with Bates Numbers.

   E. If the discovery is voluminous, please confer with counsel prior to providing ESI discovery regarding the format in which it may be provided.

I know that this list is extensive and that much, if not all, of the discovery has been previously provided at arraignment. However, if there are items that have not been disclosed I request that you notify me when I can pick those up from your office. Also, if we proceed to a motions hearing in this case, I would request that you produce "motion Jencks" – statements of any and all witnesses you intend to call as witnesses at the motion hearing in this matter – within a reasonable time before the motion hearing in order to avoid any possible recesses and delays in that hearing, pursuant to Fed. R. Crim. P. 26.2(d).

Thank you for your anticipated cooperation with these requests.

Very truly yours,

Daniel A. Juengel

DAJ/kts